YABUCOA SUGAR COMPANY, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6657. Decided November 23, 1938.

*Mariano Acosta Velarde* for appellant. *B. Fernández García, Attorney General,* (*Benjamin J. Horton,* former *Attorney General,* and *R. Cordovés Arana,* former *Assistant Attorney General,* on the brief), and *M. Rodríguez Ramos, Deputy Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 13th day of August, 1938, a mandate was issued by the Circuit Court of Appeals in the case of *Yabucoa Sugar Company* v. *Domenech,* reversing the decision of this court in the same case and sending it back for further proceedings not inconsistent with the opinion of the Circuit Court of Appeals. On the 24th day of August 1938, the attorney for the victorious plaintiff came into this court and asked that judgment be rendered following the averments of the complaint. This would surely have been done if there had been no opposition. However, on August 25, 1938, and thereafter, the defendant and former appellee, in substance, made it appear that he was trying to have the case reviewed by certiorari in the Supreme Court of the United States. Indeed, there are indications in the record that the attorney for said former appellee obtained from the Supreme Court

of the United States an extension of time up to December 5, 1938, to file the said petition for certiorari.

Upon considering the arguments and the memoranda of the parties we have come to the conclusion that this court should accede to the request of the Yabucoa Sugar Company. The Treasurer of Puerto Rico maintains that there is a law of the United States (Rev. Stat. sec. 1008) which directs the court from which the certiorari proceeds to suspend the issuing of the mandate on a petition of certiorari being presented to the Supreme Court of the United States. Immediately, this has no application to a case where the mandate has already issued as has happened here. The Treasurer, however, also draws our attention to a decision of the United States, *Oceanic Stream Navigation Co.* v. *Watkins*, 188 Fed. 909, whereby the court to which the mandate was sent felt itself empowered and obliged to withhold execution of the judgment. The distinction for us, however, is that the judgment in this court can not be executed from here. In the present case, it is the District Court of San Juan which must execute the judgment.

The Treasurer would always have the opportunity to apply for a suspension in the lower court. This court only acts as an intermediary to transfer the record to the court of origin. We are convinced that it is our duty to follow the mandate of the Circuit Court of Appeals without further delay. In the case cited, *supra*, the court granting the suspension had the power of executing the judgment.

Therefore, the petition of the Yabucoa Sugar Company will be granted and judgment will be rendered in favor of the plaintiff and the case remanded to the Disrtict Court of San Juan in conformance with the opinion of the Circuit Court of Appeals and of this court.

Mr. Chief Justice Del Toro took no part in the decision of this case.